Law Office of Gerard Launay
SBN 83591
2119 Addison St, Unit A
Berkeley, CA 94704
Tel (510) 486-1000  Fax (510) 486-0259
email = gerard@launaylaw.com

Attorney for Defendant Robert Kjellberg

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) BK  No.  12-48886 RLE 7 |
| | ) |
| Robert Scott Kjellberg | ) Adv No. |
|   Ch 7 Debtor | ) |
| _____ | ) |
| | ) **COMPLAINT TO** |
| **Robert Kjellberg,** | ) **DETERMINE** |
| | ) **DISCHARGEABILITY** |
|     **Plaintiff** | ) **OF STUDENT LOAN** |
| | ) |
| **v** | ) |
| | ) |
| **SALLIE MAE and UNITED STATES** | ) |
| **DEPARTMENT OF EDUCATION** | ) |
| | ) |
|     **Defendant** | ) |
| | ) |
| _____ | ) |

Plaintiff, ROBERT KJELLBERG, alleges:

1. He is a Debtor in Chapter 7 in the United States Bankruptcy Court, Northern

District of California, Oakland Division - case number 12-48886

2.  The Defendants - above named - are the owners or guarantors of a student loan involving

the Defendant, Acct Number 17183058 or 9578593246 The Loan is being managed by

SALLIE MAE, INC  and is guaranteed the United States government through the

UNITED STATES DEPARTMENT OF EDUCATION.   The amount of the debt is

Page 1

approximately $45,045.00

3. This lawsuit is governed by 11 U.S.C. § 523 section (a)(8) as a case of "undue hardship." The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157. It is a core proceeding as defined in 28 U.S.C 157(B)(2) as a determination of dischargeability of debt. Venue is proper under 28 U.S.C. 1404.

4. To the best of Plaintiff's recollection ,the debt arose when the Plaintiff started with Berkeley City College in pursuit of an A.A degree in biotechnology on or about the year 2000. Plaintiff did not finish the degree. Defendant has advised Plaintiff that the debt began in 2003, which may the date when payments were supposed to commence.

5. During the schooling, Plaintiff was manifesting severe mental difficulties which made taking exams as well as interacting with others very hard.

6. Ultimately, Plaintiff was diagnosed with a mental disability and his only source of income at the current time is social security disability. At the time of filing the bankruptcy, he was receiving $1,018.00 a month - and he receives some negligible food stamps assistance.
The Social Security Disability has been recently increased to $1,032.00. Plaintiff's bare living
expenses are $1450.00 a month. The Plaintiff cannot live on his income, even a marginal existence, and is using his small savings every month which is estimated to run out within the near future. Other than that, Plaintiff has negligible assets.

7. There is no additional money available to the Plaintiff whatsoever to pay the student loan owed to the Defendants. Plaintiff understands that his mental disability will be reassessed

Page 2

between 2017 and 2019.  He will be receiving his disability check from the U.S. Treasury each  month during that time.   He is not working.  He is not employed.  He has no expectation of employment.  Plaintiff's inability to pay the student loan will therefore last a considerable period of time.

8.  In the past, Plaintiff did make good faith payments on the student loan.  He recalls making at least two years of payments. He is awaiting records from SALLIE MAE on his payment history on the loan.  Plaintiff did work at Kaiser Permanente, as a temporary clerk, but that job ended in 2009.  Since that job ended, the Plaintiff had no further employment. There were no payments on his student loan when he was unemployed.

9.  Plaintiff seeks a determination that this student loan is dischargeable under the standard of undue hardship under 11 U.S.C 523 (a)(8) as understood under the cases

Dated:   1-18-13                                     */s/ Gerard Launay, Esq.*
                                                    Gerard Launay
                                                    Attorney for Plaintiff - Ch 7 Debtor

Page 3